**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HERMITAGE INSURANCE COMPANY,**

       **Plaintiff,**

**-vs-**                                                    **Case No.  6:07-cv-1890-Orl-19GJK**

**ORLANDO CLUB LTD, d/b/a 8 Seconds,**
**MAIKEL GONZALEZ, THOMAS M.**
**JENNINGS, JR., JASON STANTON, JAMIE**
**BOLLINGER, MINDY WARE,**

       **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1.     Motion To Dismiss For Lack Of Jurisdiction And Combined Memorandum Of Law By Defendant Orlando Club, Ltd (Doc. No. 23, filed Feb. 7, 2008);

2.     Motion To Dismiss For Lack Of Jurisdiction And Memorandum Of Law By Defendant Jamie Bollinger (Doc. No. 35, filed Feb. 18, 2008);

3.     Motion To Dismiss For Lack Of Jurisdiction And Memorandum Of Law By Defendant Jason Stanton (Doc. No. 36, filed Feb. 18, 2008);

4.     Motion To Dismiss For Lack Of Jurisdiction And Memorandum Of Law By Defendant Mindy Ware (Doc. No. 37, filed Feb. 18, 2008); and

5.     Response And Memorandum Of Law In Opposition To Defendant Orlando Club's Motion To Dismiss By Plaintiff Hermitage Insurance Company (Doc. No. 42, filed Feb. 21, 2008).

## Background

Plaintiff Hermitage Insurance Company brought this action for declaratory relief against Defendants Orlando Club, Ltd, Maikel Gonzalez, Thomas M. Jennings Jr., Jason Stanton, Jamie Bollinger, and Mindy Ware.  (Doc. No. 1.)  In 2003, Defendant Orlando Club, Ltd ("Orlando Club") purchased a commercial general liability insurance policy from Plaintiff for its nightclub operations.  (Doc. No. 1-2.)  Defendants Orlando Club, Maikel Gonzalez, and Thomas M. Jennings Jr. are being sued for negligence in state court by Defendants Jason Stanton, Jamie Bollinger, and Mindy Ware (collectively "Claimants") for injuries allegedly sustained during a demonstration of all terrain vehicles at the nightclub.  (Doc. No. 1 at p. 3.)  In this action, Plaintiff asks the Court to find that "no coverage is afforded under the Hermitage [insurance] policy for the claims made in the Claimants' underlying complaints against Orlando Club."  (*Id.* at p. 9.)  Further, Plaintiff seeks a declaration that "Hermitage is under no duty to defend or indemnify Orlando Club for any of the allegations made in the Claimants' underlying complaints."  (*Id.*)

Defendants Stanton, Bollinger, and Ware move to dismiss the case for lack of subject matter jurisdiction.  (Doc. Nos. 35-37.)  These Defendants assert, in identical Motions, that Plaintiff has not "adequately allege[d] facts showing that the amount in controversy exceeds $75,000.00."  (Doc. No. 35 at p. 1, ¶ 2; Doc. No. 36 at p. 1, ¶ 2; Doc. No. 37 at p. 1, ¶ 2.)  Defendant Orlando Club also moves to dismiss the case on the same grounds.  (Doc. No. 23 at p. 1, ¶ 2.)  Plaintiff has filed a Response in opposition to these Motions.  (Doc. No. 42.)

## Standard of Review

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case.  *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th

Cir. 2005).  The party asserting federal subject matter jurisdiction bears the burden of proving its existence.  *Id.*  In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ."  Fed. R. Civ. P. 8(a)(1).  If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).  *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id.* at 1529.  In a factual challenge, a court must determine if it has power to hear the case.  *Id.*  A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims.  *Id.*

### Analysis

The statutory grant of diversity jurisdiction provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States . . . ."  28 U.S.C. § 1332(a) (2006).  In cases in which the plaintiff seeks injunctive or declaratory relief, the amount in controversy is "the monetary value of the object of the litigation from the plaintiff's perspective."  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).  When jurisdiction is based on

a claim for indeterminate damages, the plaintiff "bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."

*Id.*     Defendants Orlando Club, Stanton, Bollinger, and Ware challenge the Court's diversity jurisdiction.  Specifically, these Defendants assert that Plaintiff has not properly demonstrated that the amount in controversy exceeds $75,000.  (Doc. No. 23 at p. 1; Doc. No. 35 at p. 1; Doc. No. 36 at p. 1; Doc. No. 37 at p. 1.)  Since jurisdiction in this case is based on a claim for indeterminate damages,[1] Plaintiff must introduce evidence showing that it is more likely than not that the amount in controversy exceeds $75,000.

In its Response in opposition to Defendants' Motions to dismiss, Plaintiff filed a letter dated September 10, 2007 from the attorney for Defendant Orlando Club which stated:

> Thank you for your letter of July 17, 2007, wherein Hermitage Insurance Company denies coverage for the claims contained within the Amended Complaints [of Claimants] enclosed with my previous letter.  Please be advised that Hermitage has made this decision based on erroneous information, and the purpose of this letter is to give Hermitage one last opportunity to correct its coverage analysis before my client enters into a consent judgment with the claimants for an amount far in excess of the policy limit.

(Doc. No. 42-2 at p. 1.)  The limits of coverage for Orlando Club's insurance policy are one million dollars for "each occurrence" and two million dollars "general aggregate."  (Doc. No. 1-2 at p. 5.) According to this evidence, if Plaintiff has a duty to defend and indemnify Defendant Orlando Club against the Claimants' suits, Plaintiff potentially could pay at least one million dollars in damages. (*See id.*)  Since Plaintiff seeks declaratory judgment in this case that no coverage exists under Defendant Orlando Club's policy for these suits, the amount in controversy is at least one million

---

[1]     In their underlying state court negligence suits, the Claimants did not specify the amount of damages sought; they merely alleged that they brought actions for damages in excess of $15,000.00.  (Doc. No. 1-3 at pp. 1, 5, 9.)

dollars.  (*See* Doc. No 1 at p. 4, ¶ 11.)  Therefore, Plaintiff has come forward with evidence demonstrating that it is more likely than not that the amount in controversy in this action is well above the $75,000 jurisdictional minimum.  Accordingly, having failed to offer any evidence to refute Plaintiff's evidence, Defendants' challenge to the Court's subject matter jurisdiction fails.

**Conclusion**

Based on the foregoing, the Court **DENIES** Defendants' Motions to dismiss for lack of subject matter jurisdiction.  (Doc. Nos. 23, 35-37.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March  25 , 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party