UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HERMITAGE INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                                    Case No.  6:07-cv-1890-Orl-19GJK

**ORLANDO CLUB LTD, d/b/a 8 Seconds,
MAIKEL GONZALEZ, THOMAS M.
JENNINGS, JR., JASON STANTON, JAMIE
BOLLINGER, MINDY WARE,**

        **Defendants.**

## ORDER

This case comes before the Court on the Motion For Final Default Judgment With Memorandum Of Law In Support Against Defendant Maikel Gonzalez By Plaintiff Hermitage Insurance Company.  (Doc. No. 38, filed Feb. 20, 2008.)

Plaintiff brought this action for declaratory relief against Defendants Orlando Club, Ltd, Maikel Gonzalez, Thomas M. Jennings Jr., Jason Stanton, Jamie Bollinger, and Mindy Ware.  (Doc. No. 1.)  Defendants Orlando Club, Jennings Jr., Stanton, Bollinger, and Ware have filed Answers to the Complaint.  (Doc. Nos. 11-12, 17-19.)  Defendant Gonzalez has filed neither an Answer nor a Notice of Appearance.  Plaintiff moved for a Clerk's entry of default against Defendant Gonzalez on February 6, 2008.  (Doc. No. 20.)  The Clerk entered a default on February 10, 2008.  (Doc. No. 24.)  Plaintiff now moves the Court to enter default judgment against Defendant Gonzalez.  (Doc. No. 38.)  Defendant Gonzalez has filed no response.

A party may "apply to the court for a default judgment" against a party "who has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a), 55(b)(2). Local Rule 1.07 further provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed. R. Civ. P., failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

Local Rule 1.07(b). A default judgment will generally not be entered until sixty (60) days after the Clerk's entry of default.

In the present case, the Clerk entered default on February 10, 2008. (Doc. No. 24.) Sixty days from that date is April 10, 2008. Thus, the Motion for default judgment filed on February 20, 2008 is premature at this time.

Additionally, courts typically try to avoid piecemeal disposition of litigation. *Vann v. Citicorp Savings of Illinois*, 891 F.2d 1507, 1509-10 (11th Cir. 1990); *see also* Fed. R. Civ. P. 54(b) (permitting entry of final judgment as to fewer than all claims or parties only if "the court expressly determines that there is no just reason for delay"). While this most often arises in the context of appellate review, the reasoning behind the policy remains the same throughout all stages of the litigation. *See Walden v. Walker (In re Walker)*, 515 F.3d 1204, 1210 (11th Cir. 2008) ("The purpose of this requirement is to avoid the waste of judicial resources and the delay inherent in piecemeal litigation."). Thus, even if Plaintiff's Motion were timely, the Court would deny it to avoid piecemeal judgments and potentially inconsistent results in this case.

Furthermore, an entry of default judgment is a drastic remedy that should be used only as a last resort. As the Eleventh Circuit Court of Appeals has explained, "We have cautioned that default [judgment] should be used sparingly and that it is too harsh, except in extreme circumstances." *Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002)). The Eleventh Circuit has also stated, "[A]lthough a district court may enter default judgment against a defendant who has failed to respond to a complaint against him, default judgments should only be entered if exceptional circumstances exist that prejudice the plaintiff." *Fry v. Hillsborough County Sch. Bd.*, 190 F. App'x 810, 817 (11th Cir. 2006) (citing *Mitchell*, 294 F.3d at 1316-17). In its Motion, Plaintiff has not alleged any exceptional circumstances or prejudice that would warrant the severe sanction of a default judgment at this stage of the litigation..

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for default judgment against Defendant Gonzalez. (Doc. No. 38.) Plaintiff may reapply for default judgment against Defendant Gonzalez at the conclusion of the case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 26__, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party